Opinion issued February 3, 2011

                                      



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 
01-09-01085-CV

———————————

BARBARA HERNANDEZ, Appellant

 

V.

 

TEXAS WORKFORCE COMMISSION, EES SUPPORT SERVICES
AMERICAS/CROTHELL, EUREST SERVICES, INC., AND COMPASS GROUP ISA, INC., Appellee

 

  

On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2009-19154

 

 



MEMORANDUM OPINION

          Barbara Hernandez appeals from the trial court’s dismissal
of her suit challenging a decision by the Texas Workforce Commission (“TWC”)
for lack of jurisdiction.  See Tex.
Lab. Code Ann. § 212.201 (West 2006). 
Hernandez contends the trial court misapplied section 212.201, which she
asserts imposes a jurisdictional deadline for joining the TWC, but not for
joining other parties to the suit.  We
affirm.

Background

          The TWC issued a final decision denying Hernandez’s claim
for unemployment benefits and giving her notice that she had exhausted her
administrative remedies.  The TWC’s final
decision included a letter informing her that she had 14 days to challenge the
decision by filing suit.  The letter
instructed her to join the TWC and all other parties from the administrative
proceeding as defendants to the suit.  

          Hernandez filed suit against the TWC within the 14 day
deadline, but failed to join her employers who were parties to the
administrative proceeding.  The TWC filed
an answer and plea to the jurisdiction asserting the trial court lost
jurisdiction because all the parties to the administrative proceeding were not
joined to the suit.  Her employers joined
in the TWC’s plea to the jurisdiction. 
Hernandez filed an amended petition joining her employers over a month
after the 14 day time limit.  The trial
court granted the plea to the jurisdiction and dismissed the case with
prejudice.

Plea to the
Jurisdiction

          Hernandez argues the trial court
erred in granting the plea to the jurisdiction.

I.       Standard
of Review

A plea to the jurisdiction is a
dilatory plea that seeks dismissal of a case for lack of subject-matter
jurisdiction.  Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  We review the trial court’s ruling on a plea
to the jurisdiction de novo.  Tex.
Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  When
the plea challenges the sufficiency of the claimant’s pleadings, the trial
court must construe the pleadings liberally in the claimant’s favor and deny
the plea if the claimant has alleged facts affirmatively demonstrating
jurisdiction to hear the case.  Id.
at 226–27.  If the pleadings are
insufficient but do not affirmatively demonstrate incurable jurisdictional
defects, the court should afford an opportunity to replead.  Id.  But, if the pleadings affirmatively negate the
existence of jurisdiction, the plea may be granted.  Id. at 227.

II.      Labor Code
Section 212.201

          Hernandez argues that she complied with section 212.201
even though she joined her employers outside of the 14 day time limit for
filing suit.  She asserts that the 14 day
time-limit applies to filing suit against the TWC, but not to joining the other
parties to the administrative proceedings as defendants.  Section 212.201 provides:

(a) A party aggrieved by a final decision of the
commission may obtain judicial review of the decision by bringing an action in
a court of competent jurisdiction for review of the decision against the
commission on or after the date on which the decision is final, and not later
than the 14th day after that date.

 

(b) Each other party to the proceeding before the
commission must be made a defendant in an action under this subchapter. 

 

Tex.
Lab. Code Ann. § 212.201.  Failure to comply with section
212.201 deprives the trial court of jurisdiction over the suit.  See
Kelley v. Tex. Workforce Comm’n, No. 01-05-01109-CV, 2006 WL 3804444, at *2
(Tex. App.—Houston [1st Dist.] Dec. 28, 2006, pet. denied) (mem. op.).  

          The
facts in Kelley are similar to the
facts in this case.  In Kelley, the plaintiff filed suit against
the TWC within the 14 day window under section 212.201, but did not join her
employers until a month after the deadline. 
Id. at *3.  We held the statutory deadline applied to all
parties to the proceeding, not just the TWC, and therefore the trial court
properly granted the TWC’s plea to the jurisdiction.  Id.  Like Kelley,
Hernandez sued the TWC within 14 days, but failed to join her employers within
the statutory deadline.  We hold the
trial court did not err in granting the TWC’s plea to the jurisdiction.  See
id.  We overrule Hernandez’s sole
issue on appeal.




 

Conclusion

          We affirm the judgment of the trial
court.

 

 

 

 

Harvey Brown                                           Justice


 

Panel consists of Justices Jennings,
Higley, and Brown.